UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| STEVEN PRESCOTT, et al.,<br><br>            Plaintiffs,<br><br>    v.<br><br>TC HEARTLAND, LLC,<br><br>            Defendant. | Case No.  23-cv-04192-NW (VKD)<br><br>**ORDER RE JUNE 16, 2025<br>DISCOVERY DISPUTE RE GARCIA<br>MEDICAL RECORDS**<br><br>Re: Dkt. No. 92 |

The parties ask the Court to resolve a dispute concerning defendant TC Heartland LLC's ("TC Heartland") document requests to plaintiff Samuel Garcia regarding his pre-diabetes diagnosis and the treatment and management of his disease and/or its symptoms.  Dkt. No. 92. The Court finds the matter suitable for resolution without oral argument.  Civil L.R. 7-1(b).

For the reasons explained below, the Court concludes that some of the disputed discovery is relevant and proportional to the needs of the case, and properly may be produced, subject to the provisions of the protective order (Dkt. No. 49), if necessary.

## I.      BACKGROUND

In this action, Mr. Garcia[1] asserts, on behalf of himself and a putative class, that TC Heartland has engaged for decades in consumer fraud by advertising its Splenda products to health-conscious consumers, and in particular those with Type 2 diabetes, as a healthy sugar alternative with positive health benefits, even though Splenda's primary ingredient, sucralose, can cause or exacerbate diabetes, among other harms.  Dkt. No. 63 ¶¶ 1, 30-44; *see also* Dkt. No. 51

---

[1] Mr. Garcia is the sole remaining named plaintiff.  *See* Dkt. Nos. 71, 79, 89.

(discussing plaintiffs' claims and theory of the case).

Mr. Garcia has filed a motion for class certification.  Dkt. No. 80.  In support of that motion, he filed a declaration that includes the following statements:

- "During 2022 and 2023, I purchased several Splenda brand Products . . . [s]pecifically . . . the Splenda Zero Calorie Sweetener . . . , the Splenda Liquid Sweetener Zero . . . , and the Splenda Water Enhancer . . . ."  Dkt. No. 80-5 ¶ 3.

- "In deciding to purchase these Products, I reviewed and relied on the representations on the packaging, including that Splenda is the '#1 Recommended Brand by Doctors and Dietician' and 'Suitable for People with Diabetes.'  Based on these representations, I believed the Splenda product was a healthy alternative to sugar and would be suitable for people with diabetes and who were generally concerned about their blood sugar."  *Id.*

- "These representations were important to me because, at the time, I had been informed that I was pre-diabetic and was actively looking for healthier alternatives to sugar to help manage my blood sugar and prevent the progression to diabetes."  *Id.*

- "I did not know at the time that the Products contained sucralose, which has been associated with harmful effects on blood sugar and metabolic health."  *Id.*

- "I would not have purchased the Products, or would have paid less, had I known the truth."  *Id.*

TC Heartland seeks documents responsive to the following requests for production ("RFPs"):

> RFP 8:  All DOCUMENTS and/or COMMUNICATIONS relating to the treatment and/or management of YOUR diabetes or any symptom thereof, including but not limited to blood glucose levels and hemoglobin A1C levels.
>
> RFP 9:  To the extent not produced in response to Request No. 8, the results of all hemoglobin A1C tests that YOU have undergone since YOU were diagnosed with diabetes.
>
> RFP 10:  DOCUMENTS sufficient to identify each HEALTHCARE PROVIDER who treated you for YOUR diabetes and/or who you

consulted in connection with YOUR diabetes.

RFP 11:  DOCUMENTS sufficient to identify each prescription
medication, non-prescription or over-the-counter medication,
medical device, dietary supplement, and/or food that YOU have
purchased or consumed to treat and/or manage YOUR diabetes or
any symptom thereof, including but not limited to blood glucose and
hemoglobin A1C levels.

Dkt. No. 92-1 at 13-16.  Mr. Garcia objects that the discovery TC Heartland seeks is not relevant to any claim or defense, not proportional to the needs of the case, invades the physician-patient privilege, and is protected from disclosure by the California Constitution's guarantee of a "right to privacy."  Dkt. No. 92 at 4-7.

## II.     DISCUSSION

The Court first considers whether the documents TC Heartland seeks are relevant and proportional to the needs of the case before addressing Mr. Garcia's other objections to this discovery.

### A.        Relevance and Proportionality

A party may obtain discovery of any nonprivileged matter that is relevant to a claim or defense and that is "proportional to the needs of case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit."  Fed. R. Civ. P. 26(b)(1).

TC Heartland argues that the documents within the scope of RFPs 8-11 are relevant for several reasons.  First, it argues that Mr. Garcia's claims in this action hinge on allegations that the Splenda labels contain statements that mislead consumers with diabetes, or at least those concerned about developing diabetes, about the health benefits Splenda products provide *for diabetics*.  TC Heartland argues that it is entitled to obtain discovery of Mr. Garcia's pre-diabetes diagnosis and treatment plan to test his assertions that he actually relied on the challenged advertising in choosing to purchase Splenda products and that the challenged representations were material to his purchasing decision.  Dkt. No. 92 at 2.  Second, TC Heartland argues that Mr.

United States District Court
Northern District of California

1    Garcia has put his pre-diabetes diagnosis at issue by filing a declaration specifically tying both the

2    timing and significance of the advertising to his diagnosis, and to his desire to find "healthier

3    alternatives to sugar to help manage [his] blood sugar and prevent the progression to diabetes.  *Id.*

4    Third, TC Heartland argues if Mr. Garcia had not, in fact, received a diagnosis of diabetes or pre-

5    diabetes, or if he purchased Splenda products on the recommendation of a physician, such

6    evidence could call into question his ability to adequately represent a putative class of consumers

7    who purportedly relied on the representation that Splenda is "suitable for people with diabetes"

8    when making their purchasing decision.  *Id.*

9        Mr. Garcia responds that his medical records are irrelevant because Splenda's advertising

10   targets all consumers, not just those with diabetes.  He also argues that because he and the putative

11   class allege only economic harm, not physical harm, the only relevant questions are whether he

12   was exposed to the challenged statements and relied on them.  *Id.* at 4-5.

13       Mr. Garcia is correct that the claims asserted in the operative complaint are not limited to

14   advertising targeted to pre-diabetic or diabetic consumers.  However, throughout this action Mr.

15   Garcia has highlighted and emphasized that the challenged representations are especially material

16   to the population of pre-diabetic and diabetic consumers, such as himself.  *See, e.g.,* Dkt. No. 51 at

17   9 ("The Court agrees with plaintiffs that a showing that sucralose is unsafe is not necessary to

18   allege the false advertising claims asserted here.  Rather, plaintiffs must only plausibly allege that

19   the labels on Splenda products mislead reasonable consumers with diabetes to believe that

20   sucralose would improve their conditions."); Dkt. No. 63 ¶ 8 ("This population [of people with

21   pre-diabetes and diabetes] especially depends on truthful label claims to make safe, informed

22   choices to manage their disease and live a longer and healthier life."); *id.* ¶ 51 ("While the FDA

23   authorized sucralose as safe for the 'general population' based on outdated studies, Defendant

24   makes affirmative representations *beyond* that by labeling and advertising the Products as

25   particularly 'suitable' and 'recommended' for individuals with diabetes, that they 'help[] manage

26   blood sugar,' and are a healthier alternative to sugar, despite evidence that sucralose has adverse

27   effects on blood sugar levels, poses health risks to susceptible populations, and does not deliver

28   the advertised benefits.").  And, in support of his motion for class certification, Mr. Garcia

United States District Court
Northern District of California

4

expressly tied his pre-diabetes diagnosis to his decision to purchase Splenda products in reliance on the challenged representations. Dkt. No. 80-5 ¶ 3. In short, Mr. Garcia has put his diagnosis and treatment plan at issue, both for his individual claims and those asserted on behalf of the putative class, at least with respect to the issues of materiality and reliance.

The cases on which Mr. Garcia relies—*Yamagata, Fishon*, and *Mullins*—are distinguishable. While the plaintiffs in those cases, like Mr. Garcia here, alleged only economic harm, unlike the plaintiffs in those cases, Mr. Garcia identifies more than one target audience in the operative complaint, and he claims to be a member of a particularly vulnerable population of pre-diabetic and diabetic consumers for whom the challenged representations are especially material to the purchasing decision. Moreover, there is no indication that the plaintiffs in question in *Yamagata, Fishon*, or *Mullins* testified, as Mr. Garcia has done here, that his own medical condition motivated him to seek out the advertised products in the first instance.

Accordingly, the Court finds that to the extent TC Heartland seeks discovery of Mr. Garcia's pre-diabetes diagnosis and his treatment plan, if any, that discovery is relevant. However, the Court is not persuaded that TC Heartland is entitled to obtain discovery of *all* documents responsive to each of RFPs 8-11. Mr. Garcia has not put at issue the accuracy of his pre-diabetes diagnosis or any physical harm he may have suffered from consumption of Splenda. In particular, TC Heartland provides no justification for discovery of: all test results showing Mr. Garcia's blood glucose levels or hemoglobin A1C levels; "each prescription medication, non-prescription or over-the-counter medication, medical device, dietary supplement, and/or food that [he has] purchased or consumed to treat and/or manage [his] diabetes or any symptom thereof"; or the names of all of Mr. Garcia's diabetes healthcare providers. Rather, relevant discovery includes only those medical records reflecting or describing (1) Mr. Garcia's pre-diabetes (or diabetes) diagnosis(es) and/or symptoms, and (2) Mr. Garcia's healthcare providers' treatment plan(s) for treating or managing his disease and/or his symptoms. The Court addresses Mr. Garcia's privacy concerns separately below, but otherwise concludes that this limited discovery is proportional to the needs of the case.

1

### B.    Physician-Patient Privilege

Mr. Garcia objects that TC Heartland seeks discovery of information that is protected from disclosure by the physician-patient privilege.  Dkt. No. 92 at 6.  Under California law, Mr. Garcia's medical records reflecting communications with his healthcare providers are protected by the physician-patient privilege.[2]  *See* Cal. Evid. Code §§ 992, 994, 996.  This privilege may be waived.  *See Plumlee v. Pfizer, Inc.*, No. 13-cv-00414-LHK, 2014 WL 690511, at *3 (N.D. Cal. Feb. 21, 2014).  Indeed, TC Heartland contends that Mr. Garcia has waived this privilege by identifying his pre-diabetes diagnosis as the reason he was motivated to seek out and purchase Splenda in his class certification declaration, and by testifying about his diagnosis, testing, and treatment during his deposition, without objection.[3]  Dkt. No. 92 at 3-4.

The Court agrees with TC Heartland that Mr. Garcia has put his diagnosis and treatment plan at issue by relying on them in his declaration and has also waived whatever privilege might have attached to records reflecting his diagnosis and treatment by testifying about these matters (and more) in his deposition.  In addition, for the reasons explained above, documents reflecting or describing Mr. Garcia's own diagnosis and the treatment plan for treating or managing his disease and/or its symptoms are directly relevant to questions of materiality and reliance, which are elements of Mr. Garcia's advertising claims.  Thus, the Court finds that Mr. Garcia has waived the physician-patient privilege with respect to these relevant medical records.

### C.    Privacy

Finally, Mr. Garcia objects that his medical records are protected from disclosure by the privacy rights guaranteed by the California constitution.  *Id.* at 6-7.  Rule 26 provides that a court "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense."  Fed. R. Civ. P. 26(c)(1).  "Although the Rule contains

---

[2] As Mr. Garcia asserts only state law claims on behalf of himself and the putative class, state law supplies the rule of decision here.  Fed. R. Evid. 501; *Lawson v. GrubHub, Inc.*, No. 15-cv-05128-JSC, 2017 WL 1684964, at *1 (N.D. Cal. May 3, 2017).

[3] The parties did not attach the cited excerpts of Mr. Garcia's deposition testimony, but Mr. Garcia does not dispute TC Heartland's description of that testimony; he argues only that the testimony was not sufficient to waive privilege.  *See* Dkt. No. 92 at 6.

1    no specific reference to privacy or to other rights or interests that may be implicated, such matters

2    are implicit in the broad purpose and language of the Rule." *Seattle Times Co. v. Rhinehart*, 467

3    U.S. 20, 35 n.21 (1984).

4         Mr. Garcia relies solely on *Britt v. Superior Court*, 20 Cal. 3d 844, 864 (1978), for the

5    proposition that privacy rights are "strictly enforced" with respect to medical records.  Dkt. No. 92

6    at 6-7.  TC Heartland responds that state law privacy protections do not permit Mr. Garcia to

7    withhold relevant information concerning matters he has put at issue, and that Mr. Garcia may

8    invoke the provisions of the protective order to ensure that his confidential medical records are not

9    publicly disclosed.  *Id.* at 4.

10        In *Britt*, the California Supreme Court addressed the privacy of medical records by

11   applying "the relevant statutory provision" which govern the physician-patient privilege in the

12   California Evidence Code, §§ 990 *et seq*.  *See Britt*, 20 Cal. 3d at 862.  *Britt* did not address any

13   distinct "privacy right" arising under Article 1, section 1 of the California constitution.  However,

14   in *Hill v. National Collegiate Athletic Association,* the California Supreme Court subsequently

15   recognized that the state constitutional right of privacy extends to medical records.  *Hill*, 7 Cal.4th

16   1, 41 (1994); *see also John B. v. Superior Ct.,* 38 Cal. 4th 1177, 1198 (2006).  It is not clear what

17   standard Mr. Garcia has in mind when he contends that right of privacy is "strictly enforced," but

18   he seems to acknowledge that the privacy right does not protect his medical records from

19   disclosure where he has put their contents at issue.  *See* Dkt. No. 92 at 6-7 ("[H]ere, the plaintiff

20   alleges no physical injury and does not place his medical condition at issue.").

21        There is no dispute that Mr. Garcia has a privacy interest in protecting his medical records

22   from disclosure to others.  However, for the reasons already explained, he has put some aspects of

23   those medical records at issue in this action, and they are directly relevant to his advertising

24   claims.  Mr. Garcia does not explain why, in these circumstances, his medical records should not

25   be produced in discovery.  Given the limited scope of production this order contemplates, the

26   Court finds that Mr. Garcia's legitimate privacy interests can be adequately protected by

27   appropriately designating his medical records under the protective order as "confidential" or

28   "highly confidential."

United States District Court
Northern District of California

1

**III.    CONCLUSION**

2          For the reasons explained above, the Court concludes that TC Heartland is entitled to

3    obtain discovery of Mr. Garcia's medical records reflecting or describing (1) Mr. Garcia's pre-

4    diabetes (or diabetes) diagnosis(es) and/or symptoms, and (2) Mr. Garcia's healthcare providers'

5    treatment plan(s) for treating or managing his disease and/or his symptoms.  TC Heartland may

6    not obtain discovery of other matters within the scope of RFPs 8-11.  Because the discovery

7    permitted by this order may implicate Mr. Garcia's interest in maintaining the privacy and

8    confidentiality of his medical records, he may produce responsive documents with the protections

9    available under the protective order.

10          **IT IS SO ORDERED.**

11   Dated: July 1, 2025

12

13

14                                                                Virginia K. DeMarchi
                                                                  United States Magistrate Judge

15

16

17

18

19

20

21

22

23

24

25

26

27

28